UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MELISSA WILKERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-CV-348-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KENTUCKY CORRECTIONAL ) | **AND ORDER** |
| PSYCHIATRIC CENTER, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendant Kentucky Correctional Psychiatric Center ("KCPC"), [R. 10], in which KCPC seeks to dismiss Plaintiff Melissa Wilkerson's Amended Complaint, [R. 9], for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Wilkerson filed a response to the motion, [R. 11]. No reply was filed, and the time to do so has expired. The matter is therefore fully briefed and ripe for review. For the reasons set forth herein, the Court will deny the Motion to Dismiss.

**I. BACKGROUND**

In or around October 2014, Wilkerson was hired as a Registered Nurse by Seven County Services, through a contract with KCPC. [R. 9, ¶ 10]. On or about January 13, 2022, Plaintiff was subjected to a random drug test. *Id.* ¶ 13. Soon after, on January 20, 2022, the results of that drug screen came back positive for oxycodone. *Id.* ¶ 14. Wilkerson alleges that this was a false positive, and she promptly informed her immediate supervisor of the false test results. *Id.* ¶¶ 14–15. She also denied taking any oxycodone. *Id.* ¶ 15.

The following day, January 21, 2022, Wilkerson was placed on administrative leave without pay. *Id.* ¶ 17. She was told to self-report to the Kentucky Board of Nursing, and she

hired an attorney to aid in that self-reporting process. *Id.* However, on January 24, 2022, KCPC's Interim Facility Director advised Wilkerson that "she had taken it upon herself to report [Wilkerson] to the Board." *Id.* ¶ 18.

In February 2022, Plaintiff was required to complete a substance abuse and mental health evaluation, and she volunteered to take a drug screening hair test. *Id.* ¶ 20. The hair test results came back negative for oxycodone on March 1, 2022. *Id.* ¶ 21. As a result of the negative hair test results, the Kentucky Board of Nursing dismissed the case against Wilkerson. *Id.* ¶ 22. When the Seven County Services human resources representative learned of the Board's dismissal, she advised Plaintiff that KCPC would schedule additional random drug screens and, once the results were received, Wilkerson would have an opportunity to return to work with KCPC. *Id.* ¶ 23. Wilkerson underwent a drug test that same day. *Id.*

Apparently, these test results came back negative for controlled substances, as Wilkerson alleges that, "[d]espite all of [Wilkerson's] subsequent negative test results, [KCPC] continued to discriminate against [Wilkerson] for her perceived disability of substance abuse." *Id.* ¶ 26. On April 1, 2022, KCPC's Interim Facility Director called Wilkerson and read a termination letter to her, in which it was explained that Wilkerson's employment was being terminated due to "inconsistencies" following her random drug tests. *Id.* ¶ 27.

On July 6, 2022, Wilkerson filed this lawsuit against KCPC. [R. 1]. In her Original Complaint, she alleged largely identical facts and asserted claims for disability discrimination under the Americans with Disabilities Act ("ADA") and disability discrimination under the Kentucky Civil Rights Act ("KCRA"). *Id.* at 4–5. KCPC moved to dismiss the Original Complaint, [R. 8]. In response, Wilkerson filed her Amended Complaint, again alleging the facts

outlined above but this time asserting only a claim for disability discrimination under the ADA. [R. 9]. The Court therefore dismissed KCPC's Motion to Dismiss, [R. 8], as moot.

KCPC has now filed a motion seeking to dismiss the Amended Complaint. [R. 10]. KCPC argues that (1) a substance use disorder is not a disability under the ADA and Plaintiff has therefore failed to plead that she is a qualified individual with a disability, and (2) the Amended Complaint relies "largely on legal conclusions that this Court cannot consider pursuant to federal pleading standards." *Id.* Wilkerson has filed a response, [R. 11]. KCPC failed to file a reply, and the matter is now ripe for review.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

### III. ANALYSIS

The ADA "prohibits employers from discriminating against a qualified individual because of a disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.2(b), (e)). At this stage of the proceedings, a plaintiff need not allege facts establishing a prima facie case of disability discrimination to survive a Rule 12(b)(6) motion to dismiss. *Morgan v. St. Francis Hospital*, No. 19-5162, 2019 WL 5432041, *2 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)). Instead, the complaining party "need only 'give the defendant fair notice of what [her] claim is and the grounds upon which it rests.'" *Id.* (quoting *Swierkiewicz*, 534 U.S. at 512). To do so, a plaintiff "must plead facts that make the plausible inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability." *Darby*, 964 F3d at 444 (citations omitted).

KCPC first argues that Wilkerson has failed to sufficiently allege that she was a "qualified individual with a disability" under the ADA. [R. 10, pp. 3–4]. An individual is considered to be "disabled" under the ADA if he or she has "[a] physical or mental impairment that substantially limits one or more of the major life activities of [the] individual"; "[a] record of such impairment"; *or* "[is] regarded as having such impairment." 29 C.F.R. 1630.2(g); *see also*

*Hazen v Cleveland Clinic Foundation*, No. 1:21-cv-01965, 2022 WL 3083027, *5 (N.D. Ohio July 29, 2022) (quoting *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 252 (6th Cir. 2000)). Thus, "[a]n individual who is 'regarded as' disabled meets the statutory definition of disabled." *Khatri v. Ohio State Univ.*, No. 21-3193, 2022 WL 620147, *3 (6th Cir. Jan. 25, 2022) (citing 42 U.S.C. § 12102(1)(C)).

On this point, the only argument offered by KCPC is that "[a] substance abuse disorder is specifically excluded and is not a disability under the ADA." [R. 10, p. 3]. For support, KCPC cites to the administrative regulations that implement the ADA. [R. 10, p.3 (citing 29 C.F.R. § 1630.3(a)(1))]. Those regulations provide, "The terms disability and qualified individual with a disability do not include individuals currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use." 29 C.F.R. § 1630.3(a). However, KCPC ignores the remainder of those regulations. They explain that "the terms disability and qualified individual with a disability may not exclude an individual who . . . [i]s erroneously regarded as engaging in [the use of illegal drugs], but is not engaging in such use." *Id.* § 1630.3(b)(3). KCPC further fails to acknowledge that a person may qualify as "disabled" under the ADA if they are *regarded as* having "[a] physical or mental impairment that substantially limits one or more of the major life activities of [the] individual," as noted above. *See* 29 C.F.R. 1630.2(g).

Wilkerson alleges in her Amended Complaint that she was discriminated against "for her perceived disability of substance abuse." [R. 9, ¶ 26]. While she also states that she was terminated "due to an *actual* or perceived disability," *id.* ¶ 30 (emphasis added), the Court understands from the allegations in the Amended Complaint that she alleges she was discriminated against because KCPC erroneously believed her to be engaging in the use of illegal drugs. For example, she alleges that she received a false positive drug screen, which resulted in

KCPC taking administrative action against her, such as placing her on administrative leave, reporting her to the Kentucky Board of Nursing, requiring a series of follow-up drug screens, and ultimately terminating her for "inconsistencies" following those drug screens. *See* [R. 9, ¶¶ 14–27]. The Court therefore finds that Wilkerson has sufficiently alleged facts from which one can draw the reasonable inference that she was perceived as disabled by KCPC.[1]

KCPC next complains that the Amended Complaint relies "largely on legal conclusions that this Court cannot consider pursuant to federal pleading standards." [R. 10, p. 4]. KCPC cites to the Amended Complaint's allegation that Wilkerson is a qualified individual with a disability; that Wilkerson is a qualified individual with a disability that KCPC knew or should have known about; and that coworkers submitted letters to KCPC in support of Wilkerson in which they noted an absence of any indication of substance abuse. *Id.* KCPC argues that these various statements are merely conclusory in nature, and the Court is not required to accept such statements as true. *Id.*

With respect to the allegations that Wilkerson is a qualified disabled individual, KCPC argus only that "Plaintiff is not a qualified individual because substance abuse is excluded by regulation," *id.*, an argument that this Court has already addressed above. As for the allegation that coworkers submitted letters on Wilkerson's behalf, KCPC argues that it was "not required [to] and should not consider the opinions of coworkers for whom there is no indication of training to detect substance abuse over an objective failed test." *Id.* But the question of whether KCPC was required to consider the opinions of these coworkers is not before the Court. At this

---

[1] In reaching this conclusion, the Court again notes that KCPC's only argument on this issue is that a substance abuse disorder does not qualify as a disability under the ADA. *See* [R. 10, p. 3]. To the extent that KCPC could have—but did not—make other arguments for dismissal under Rule 12(b)(6), the Court declines to address any such unbriefed issues. *See generally Esparza v. Pierre Foods*, 923 F.Supp.2d 1099, 1106 (S.D. Ohio 2013) (identifying but declining to address unbriefed issues and noting that "the Court will not dismiss the disability claims on the basis of an unbriefed issue").

stage of the proceedings, the Court need only consider whether the Amended Complaint can survive Rule 12(b)(6) scrutiny. In other words, the Court must consider Wilkerson has alleged facts that "make the plausible inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability." *Darby*, 964 F3d at 444 (citations omitted). At best, KCPC challenges only the first of these elements, and for the reasons stated above, the Court finds that Wilkerson has sufficiently alleged facts that make the plausible inference that she was disabled under the ADA.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that, based on the specific arguments raised by KCPC, the Amended Complaint survives Rule 12(b)(6) scrutiny.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Dismiss filed by Defendant Kentucky Correctional Psychiatric Center, [**R. 10**], is **DENIED**.

This the 9th day of August, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Counsel of Record